UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ROBERT COOPER, </br></br> Plaintiff, </br></br> v. </br></br> EAST ATLANTA RESTAURANT, INC. d.b.a. HOLY TACO, and ZOE BOWER, </br></br> Defendants. | Case No. |

## COMPLAINT

Plaintiff Robert Cooper ("Plaintiff"), by and through counsel, files this Complaint against Defendants East Atlanta Restaurant Inc. d.b.a. Holy Taco ("Holy Taco") and Zoe Bower ("Bower") (collectively, "Defendants") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.,* to recover unpaid wages, liquidated damages, costs, expenses of litigation, and attorneys' fees. Plaintiff alleges as follows:

In support of his claim, Plaintiff asserts as follows:

### **INTRODUCTION**

1. This lawsuit arises because Defendants improperly required Plaintiff to participate in an invalid and illegal tip pool and Defendants' failure to properly calculate and pay Plaintiff minimum wages during the period approximately Spring

1

2020 through September 2022.

## JURISDICTION AND VENUE

1. This court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. Venue is proper in this Northern District of Georgia pursuant to 28 U.S.C. § 1391. Defendants transact business in this judicial district and the events giving rise to the claims herein occurred in this judicial district and division.

## THE PARTIES

3. Plaintiff Herrington is a resident of Georgia in this judicial district and division.

4. Defendant Holy Taco is a Georgia corporation with its principal office address on file with the Georgia Secretary of State as 1314 Glenwood Ave, SE. Atlanta, GA. 30316.

5. Defendant Holy Taco's registered agent for service of process is Robert MacDonald, 1725 Bouldercrest Rd, Atlanta, GA 30316.

6. Holy Taco had annual gross revenue and volume of sales in excess of $500,000.00 for each year in the relevant period.

7. At all relevant times, Defendant Bower was the owner, general manager, and/or primary decision maker for Holy Taco.

8. Defendant Bower can be served at 1347 Orange Blossom Terrace SE,

Atlanta, GA 30316.

9. At all relevant times, Defendants have continuously been an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

10. Defendants employed Plaintiff throughout the relevant period.

## FACTUAL BASIS OF PLAINTIFF'S CLAIMS

11. Defendants own and operate Holy Taco restaurant located at 1314 Glenwood Ave, SE. Atlanta, GA. 30316 (the "Restaurant").

12. The Restaurant had annual gross volume of sales made or business done of not less than $500,000.00 during all relevant time periods.

13. At all relevant times, Plaintiff was an "employee" of Defendants as that term is defined in 29 U.S.C. § 203(e)(1).

14. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

**A. Defendant Bower is Individually Liability for the FLSA Violations.**

15. At all relevant times, Defendant Bower was the owner, general manager, and/or primary decision maker for Holy Taco; had control and direction over workplace conditions, operations, personnel, and compensation including making hiring and firing decisions relating to Plaintiff; determined Plaintiff's wages; created Plaintiff's schedules; approved Plaintiff's hours and days off; and

3

prepared Plaintiff's pay checks.

16. At all relevant times, Defendant Bower as an owner, general manager, and/or primary decision maker for Holy Taco, made the decision of what to pay Plaintiff and to withhold Plaintiff's tips in violation of the FLSA.

17. At all relevant times, Defendant Bower exercised sufficient control over Plaintiff to cause Defendant Bower to be individually liable for the FLSA violations.

**B. Plaintiff's Employment with Defendants.**

18. Defendants employed Plaintiff as a server at the Restaurant.

19. Defendants hired Plaintiff in approximately Spring 2020.

20. Plaintiff's employment with Defendants ended in approximately September 2022.

21. At all times during his employment, Plaintiff was a non-exempt, tipped employee of Defendants and was paid a tip-credit wage of $2.13 per hour.

22. Plaintiff was denied earned wages by Defendant while working at the Restaurant.

**Invalid Tip Pool Violations**

23. Federal law permits Defendants to require tipped employees such as Plaintiff to participate in a tip pool where a portion of an employee's tips are shared with other employees in the Restaurant so long as the arrangement is among

employees who customarily and regularly receive tips.

24. A valid tip pool may not include employees who do not customarily and regularly receive tips, such as dishwashers, cooks, chefs, and janitors.

25. Defendants improperly required Plaintiff to share tips with employees who do not customarily and regularly receive tips, including janitors.

26. Defendants improperly required Plaintiff to participate in an invalid and illegal tip pool.

**Dual Jobs Violations**

27. Federal law permits Defendants to pay employees such as Plaintiff less than the minimum wage so long as they are working a tipped occupation, and able to earn tips.

28. As a server at the Restaurant, Plaintiff's duties included, but were not limited to, taking customer's orders, answering questions about the menu and food, taking payment, communicating orders with the kitchen staff, seating customers, and helping with customer service.

29. Plaintiff also was required to perform extensive duties unrelated to customer service that were substantial and amounted to a separate, non-server occupation. These duties were not contemporaneous with customer service server duties. These duties were performed both before and after customer service shifts and for extensive periods of time. Such non-server, pre-shift and post-shift duties

included, but were not limited to: extensive cleaning throughout the Restaurant and in areas unrelated to server stations, brewing beverages, cutting lemons, herbs, and other garnishes, filling ice bins, polishing and stocking glassware, cleaning under tables and booths, sweeping/vacuuming floors, cleaning and restocking the drink station, cleaning and restocking the server station, collecting and taking out trash, stocking wine and beer, and other non-server duties unrelated to customer service. While performing these duties, Plaintiff was not able to earn tips.

30. There was a clear dividing line between Plaintiff's server duties and Plaintiff's non-server duties, particularly because extensive non-server duties were required before and after the restaurant was open, and before and after Plaintiff's customers were being served.

31. Plaintiff's non-server duties extended to the entire restaurant rather than areas where they served customers.

32. These non-server duties consumed a substantial portion of Plaintiff's workday, were more than "part of the time" that Plaintiff worked, were for times longer than a few minutes and longer than de minimis time periods, and were for more than 20% of Plaintiff's workdays.

33. At all relevant times, Plaintiff was required to arrive at the restaurant 60 to 90 minutes prior to the Restaurant opening to perform non-server and other non-tip producing tasks.

34. The duties Plaintiff performed for the 60 to 90 minutes periods before Restaurant opening were non-server duties and were performed at easily demarcated times when Plaintiff did not and could not earn tips. These non-server duties usually continued beyond the restaurant opening because Plaintiff would often not be assigned a customer until 30 to 60 minutes after the Restaurant had opened.

35. Plaintiff often was required to perform non-server duties and non-tip producing side work for extended periods of time at the beginning of a shift while waiting to be assigned a customer.

36. Plaintiff was often required to remain at the Restaurant for substantial time periods after the Restaurant had closed and all customers had left.

37. When working a closing shift, Plaintiff was often required to remain at the Restaurant 60 to 90 minutes after the Restaurant had closed to perform cleaning and other non-tip producing tasks throughout the Restaurant.

38. Plaintiff was often required to perform non-server work after his last assigned table had closed out, but before the Restaurant closed.

39. For a substantial portion of Plaintiff's hours performing non-server duties and non-tip producing side work, Plaintiff was paid a wage less than minimum wage.

40. Defendants denied Plaintiff minimum wage compensation for these

discrete and easy-to-identify periods where Plaintiff was performing non-tip related tasks and no customers were in the building.

41. Defendants violated the FLSA by willfully refusing to pay Plaintiff proper minimum wage compensation for these non-server duties amounting to a separate occupation.

42. Defendants maintained records of hours that Plaintiff worked.

43. Even if the non-server duties Defendants required Plaintiff to perform were related to their tipped occupation, Defendants violated the FLSA by its policy and practice of requiring Plaintiff to perform such work for a substantial amount of the time worked during the workweek, and during discrete periods before and after their shifts when Plaintiff could not earn any tips.

44. Plaintiff was required to perform tasks that were unrelated to and not incidental to his tip-producing occupation without being paid a minimum wage.

45. Defendants' policy and practice of requiring Plaintiff to perform excessive and/or unrelated non-server duties while paying sub-minimum, tip-credit wages violate the FLSA.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS- MINIMUM WAGE

46. Plaintiff repeats and realleges each paragraph above as though it were fully set forth at length herein.

47. At all relevant times, Defendants were Plaintiff's employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

48. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

49. At all relevant times, Defendants required Plaintiff to participate in an invalid tip pool.

50. At all relevant times, Defendants improperly took a tip credit against Plaintiff's wages.

51. At all relevant times, Defendants failed to compensate Plaintiff at the applicable federal minimum wage by requiring Plaintiff to participate in an invalid tip pool.

52. At all relevant times, Defendants failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were unrelated to and non-incidental to a tip producing occupation.

53. At all relevant times, Defendants failed to compensate Plaintiff at the applicable federal minimum wage for tasks that were not server related tasks and were not directed towards producing tips that were performed before Restaurant opening and/or before Plaintiff was assigned customers.

54. At all relevant times, Defendants failed to compensate Plaintiff at the

applicable federal minimum wage for tasks that were not server related tasks and were not directed towards producing tips that were performed after Restaurant closing and/or after Plaintiff was serving customers.

55. As a result of Defendant's willful failure to pay Plaintiff the appropriate wage, Defendant violated the FLSA, 29 U.S.C. §§ 206 and 215(a).

56. Defendants' conduct of failing to pay minimum wage constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Due to Defendants' FLSA violations, Plaintiff was damaged and is entitled to recover from Defendants compensation for unpaid minimum wage; improperly withheld tips; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs, and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff demands a trial by jury and request that this Court grant the following relief against Defendants:

A. An award of unpaid compensation for wages including minimum wage and withheld tips to Plaintiff;

B. An award of all liquidated damages for unpaid wages to Plaintiff;

C. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff; and

D. Such other and further relief as this Court deems just and proper.

Respectfully submitted this October 27, 2022.

**HALL & LAMPROS, LLP**

<u>*/s/ Gordon Van Remmen*</u>
Christopher B. Hall
Georgia Bar No. 3018380
Gordon Van Remmen
Ga. Bar # 215512

300 Galleria Parkway,
Suite 300
Atlanta, GA 30339
(404) 876-8100 telephone
(404) 876-3477 facsimile
chall@hallandlampros.com
gordon@hallandlampros.com

*Attorneys for Plaintiff*

Plaintiff's counsel certify that this complaint is in 14-point Times New Roman font.